**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Burnside, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>　　　　　Defendant. | No. CV-15-08233-PCT-PGR<br><br>Related Cases:<br><br>CV-16-08188-PCT-SPL<br>CV-16-08196-PCT-DLR<br>CV-16-08221-PCT-DGC<br>CV-16-08229-PCT-JAT<br>CV-16-08245-PCT-JWS<br>CV-16-08268-PCT-DMF<br><br><u>ORDER</u> |

Pending before the Court is the Motion to Transfer (Doc. 26) filed by defendant Office of Navajo and Hopi Indian Relocation (ONHIR), wherein it seeks to transfer six other ONHIR-related cases to the undersigned Judge pursuant to LRCiv 42.1. The plaintiffs in all seven cases have opposed the requested transfer. The Court, in the exercise of its "broad discretion" in determining whether the reassignment of the affected cases is appropriate under LRCiv 42.1, *see* <u>Badea v. Cox</u>*,* 931 F.2d 573, 575 (9th Cir.1991); <u>United States v. Gray</u>, 876 F.2d 1411, 1414 (9th Cir.1989), finds that the motion should be denied.

First, the Court is not persuaded that the cases involve substantially the same

parties or call for the determination of substantially the same questions of law. While all of the cases arise from the plaintiffs' desires to obtain relocation assistance benefits under the Navajo-Hopi Land Settlement Act and the ONHIR is the sole defendant in all of them, the similarity of the cases, in a legally material sense, ends there. The plaintiffs are different in all of the cases, the specific legal issues they raise are not substantially the same, and the factual circumstances underlying their cases are unique to them. While there is some commonality of counsel representing the various parties, that mere commonality is an insufficient basis on which to justify the transfer that ONHIR seeks given the legal and factual distinctions among the cases.

Second, the Court is also not persuaded that there would be any substantial duplication of judicial labor if the requested transfer is denied. Each case involves an administrative record that must be judicially reviewed and each such record is distinct from the others. Furthermore, no showing has been made that the resolution of these significantly dissimilar cases by the different judges assigned to them will likely result in inconsistent rulings materially prejudicial to any of the parties involved in them. Therefore,

IT IS ORDERED that the defendant's Motion to Transfer (Doc. 26) is denied.

DATED this 1st day of February, 2017.

Paul G. Rosenblatt
United States District Judge